Reynolds *v.* Lawrence.

---

## REYNOLDS *v.* LAWRENCE.

A STIPULATION in the Supreme Court, that a cause be continued for the term, and that any motion may be made therein at the next term, by either party, which might have been made at the first term after the filing of the transcript, covers only the rights a party had at the *time* of the stipulation, and not those already lapsed by the laches of the party.

Parties have no unqualified right to stipulate for the abrogation of rules prescribed by this Court.

The statement on appeal, failing to specify the grounds of appeal, forms no part of the record into which the Supreme Court will look, and the case stands on the judgment roll, upon the authority of *Barrett* v. *Tewksbury*.

APPEAL from the Twelfth District.

Motion to dismiss the appeal.

Appellant served on respondent a notice of appeal, dated January 7th, 1859, and respondent accepted service of notice same day. This

Reynolds *v.* Lawrence.

notice was filed with the Clerk of the Court, January 11th, 1859. The Clerk certifies, January 12th, that an undertaking on appeal was filed according to law. The brief of the appellant states it was filed January 12th, 1859.

On the eighteenth of October, 1859, the parties entered into a stipulation, as follows:

" It is agreed that the above entitled cause may be continued for the present term, and that any motion may be made therein, at the next January term of this Court, by either party, which might have been made at the first term after the filing of the transcript."

On the twenty-eighth of December, 1859, the following notice was duly served by respondent on appellant:

" Please take notice, that a motion will be made to this Court, on Tuesday, the third day of January next, at the opening of the Court on that day, or as soon thereafter as counsel can be heard, to dismiss the appeal in this case, on the ground that no copy of the notice of appeal was served on the respondent *after, or at the time,* the said notice was filed. The said objection appears from the transcript on file in the Supreme Court Clerk's office."

*Tully R. Wise,* for Appellant.

*John Reynolds,* for Respondent.

*Crockett & Crittenden,* also for Respondent.

1. There is no statement on appeal. There is a paper containing certain evidence given before the referee, but it specifies no grounds whatever on which the defendant intends to rely on the appeal. (Prac. Act, secs. 338, 195; *Wing* v. *Owen,* 9 Cal. 247; *Adams* v. *City of Oakland,* 8 Id. 510.)

In regard to the manner in which the facts shall be brought before this Court, there is no distinction between cases at law and in equity. The statute must govern in both.

On the motion to dismiss the appeal at the January term, BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The motion to dismiss is denied. The motion comes too late. The true construction of the stipulation of eighteenth October, 1859, is that the respondent should retain at the succeeding term the rights he had

at the time of the stipulation—not that he should be entitled to new and additional privileges    If this were intended, it should have been distinctly stated.    On the eighteenth of October, the respondent had no right, according to our rules, to make this motion, and the saving of the right to make any motion which he might have made at the October term, includes only those rights of which he could have availed himself at the date of the stipulation, and not those which had already lapsed by his own laches.    Besides, the rule is for our convenience, and we do not acknowledge the unqualified right of parties to stipulate for the abrogation of the rules we have prescribed for the convenient dispatch of businesss.    As well might they stipulate that the transcripts should not be filed until after the argument, or for an unlimited time for filing briefs, or for the making out the records contrary to our rules.

Motion denied.

At the April term, FIELD, C. J. delivered the opinion of the Court, BALDWIN, J. and COPE, J. concurring.

The statement in this case is subject to the same objections taken in *Barrett* v. *Tewksbury*.    It omits to specify the grounds upon which the appellant relies upon the appeal, and for this omission it cannot be regarded as forming any part of the record into which we can look. The appeal must therefore rest upon the judgment roll, which discloses no error, and the judgment is in consequence affirmed.