EVAN JORDAN, Respondent, *vs.* ALLEN STEVENS, Appellant.

1. *Action to quiet title—Answer, what estops defendant.*—In suit under the statute, (Wagn. Stat., 1022, §§ 53, 54,) to quiet title where defendant by his answer disclaimed all right and title adverse to the petitioner but also denied plaintiff's title, *held*, error in the court to enter upon a trial of the cause. The disclaimer operated as a bar to any adverse claim of defendant; that portion of defendant's answer denying plaintiff's title was a mere nullity and surplusage.

*Appeal from Buchanan Circuit Court.*

*Hill & Carter*, for Appellant.

*Allen H. Vories*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding under sections 53 and 54, (2 Wagn. Stat., 1022,) to quiet title to a tract of land. The petition set forth that the plaintiff was the owner in fee of the land and was in possession of the same, and that he was credibly informed, and believed, that the defendant made some claim to the land adverse to the estate of the petitioner, and prayed that the defendant might be summoned to show cause why he should not bring an action to try the alleged title if any, &c. The defendant filed an amended answer, in which he disclaimed all right and title adverse to the petitioner, but also in the same answer denied that the plaintiff had any title, and denied that the plaintiff was in possession. The court proceeded to try the case without calling a jury, and found the issues for the plaintiff, and gave judgment that the defendant be forever barred from setting up any claim adverse to the plaintiff and adjudged that the plaintiff pay all the costs. The defendant filed a motion for a new trial which was overruled and he has appealed to this court.

When the defendant filed his amended answer disclaiming all right and title to the land, that put an end to the case. There was nothing to try ; the disclaimer itself so filed, amounted in law to a bar or estoppel against the defendants claiming any right or title adverse to the plaintiff. After thus disclaiming title, the defendant had no right to raise any

issue in the case, and that part of his answer denying the plaintiff's possession, &c., was in law a nullity. It is only where he claims title by his answer that he can proceed to show cause why he should not be required to bring an action. (See Sec. 54, 2 Wagn. Stat., 1022.) It was improper for the court, after the defendant's disclaimer, to enter upon the trial of the case. But as all the costs were adjudged against the plaintiff, and the judgment was only such as was the legal result of the defendant's disclaimer, we do not see that he is injured, and it is therefore unnecessary to decide any of the questions raised on this appeal.

Judgment affirmed. Judge Vories not sitting. The other judges concur.