HENRIETTA MESTER ET AL.

v.

CAROLINE ZIMMERMAN ET AL.

</div>

1. WITNESS—COMPETENCY—PARTIES IN INTEREST.—The widow of a mortgagor, and legatee under his will, is not a competent witness for the defendants in an action to foreclose the mortgage, to prove the defense of usury in the notes secured by the mortgage.

2. RENUNCIATION OF INTEREST.—A son of the mortgagor who had been made a party defendant to the foreclosure proceedings, but who by his answer

disclaimed all interest in the event of the suit, and who had formally renounced the legacy left him by the mortgagor in his will, is a competent witness upon the question of usury, when called by the other defendants.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed September 17, 1880.

Mr. WM. W. BERRY, for appellants; that a remote, contingent uncertain interest does not disqualify a witness, cited 1 Greenl. Ev. § 408; Clark v. Garmon Ry. & M. 31; Kent v. Mason, 79 Ill. 540; 1 Whart. Ev. § 476; Dyer v. Martin, 4 Scam. 147; Smith v. Newton. 38 Ill. 230; Frink v. McClung, 4 Gilm. 569; N. E. Ins. Co. v. Wetmore, 32 Ill. 221.

Where usury is reserved in a note no interest can be recovered, and all payments of interest will be applied upon the principal: Mitchell v. Lyman, 77 Ill. 525; Reinback v. Crabtree, 77 Ill. 182; Driscoll v. Tannoch, 76 Ill. 154.

A mother of infant defendants, though not a competent witness to establish her own claims, is competent to prove any fact establishing a claim on behalf of minor defendants: Stuart v. Kirk, 69 Ill. 509.

Indorsements of payments upon notes cannot be relied upon to take the case out of the Statute of Limitations: Angell on Limitations, 260.

An action to foreclose a mortgage must be brought within ten years after the cause of action accrues: Rev. Stat. Chap. 83, § 11.

No admission of a guardian *ad litem* will bind the infant: Cochran v. McDowell, 15 Ill. 10.

Affirmative relief will not be granted defendant, unless upon a cross-bill: Mason v. McGirr, 28 Ill. 322.

Messrs. ARNTZEN & MOORE, for appellees; that an action can be maintained on the notes against the witness Mester and the executrix, cited Rev. Stat. Chap. 59, § 11; Ryan v. Jones, 15 Ill. 1; Van Meter v. Love, 33 Ill. 260; Dugger v. Oglesby, 3 Bradwell, 108.

The witnesses were disqualified: 1 Greenl. Ev. § 190; G. &

C. U. R. R. Co. v. Welch, 24 Ill. 33; C. & R. I. R. R. Co. v.
Hutchins, 34 Ill. 108; Ill. Cent. R. R. Co. v. Welden, 52 Ill.
290; Hamilton v. Doolittle, 37 Ill. 473; 3 Phillips' Ev. 45;
Stettin v. Sacket, 5 Conn. 258; Forrester v. Gueniman, 1 Mc-
Cord, 304; Lowman v. Aubery, 72 Ill. 619; Langley v. Dods-
worth, 81 Ill. 86; Merrill v. Atkin, 59 Ill. 19; Stewart v.
Kirk, 69 Ill. 509.

There was no error in appointing a commissioner, instead of
a special master, to make the sale: Dow v. Seely, 29 Ill. 495;
Davis v. Davis, 30 Ill. 180; Grubb v. Crane, 4 Scam. 153.

The Statute of Limitations in force at the time the cause of
action accrued, governs: Beesley v. Spencer, 25 Ill. 216; Dick-
son v. C. B. & Q. R. R. Co. 71 Ill. 331.

No cross-bill was necessary: Walker v. Abt, 83 Ill. 226;
Crocker v. Lowenthal, 83 Ill. 579; Thielman v. Carr, 75 Ill.
385.

It is not necessary to refer the cause to a master to compute
the amount due on the notes: Savage v. Berry, 2 Scam, 545;
Scroggs v. Cunningham, 81 Ill. 110.

DAVIS, J.    Charles Mester, in his life-time, and Henrietta
Mester, his wife, had executed a mortgage and trust deed to
secure two notes given by Charles Mester to M. Anton Zimmer-
man, one for $300, and the other for $400.

Zimmerman having departed this life, Caroline Zimmerman,
as the administratrix of his estate, commenced this proceeding
in chancery to foreclose the mortgage and trust deed. Henrietta
Mester, the widow, and the heirs of Charles Mester, deceased,
were made defendants to the bill of complaint filed in the cause.
Ferdinand Mester, who is a son of Charles, filed his answer to
the bill, disclaiming all right, title and interest whatever in the
legacy of five dollars in the bill mentioned, and in all other
estate and effects of the said Charles Mester, deceased.    The
other defendants filed their answers to the bill, setting up the
defenses of usury, payment and the Statute of Limitations.
Charles Mester, by his last will and testament, bequeathed to
his son Ferdinand Mester, the sum of five dollars, and also a
note for seventy dollars, given by Ferdinand to his father, and

the balance of his estate he devised to his wife for life, and at her death directed the same to be sold, and the proceeds to be distributed to his children, excepting Ferdinand Mester, and provided if any child should die while a minor, Ferdinand should be excluded from sharing as an heir in the portion going to such child by the terms of the will.

On the hearing of the cause, the defendants, to sustain the defense of usury, offered the depositions of Ferdinand Mester and of Henrietta Mester, whereupon complainants moved the court to suppress the deposition of Ferdinand Mester, a son and heir of Charles Mester, and also so much of the deposition of Henrietta Mester, the widow of Charles Mester, as referred to transactions connected with the two notes executed by Charles Mester prior to the death of M. Anton Zimmerman, and so much of the same as related to transactions connected with the note of $300, to secure which the said trust deed was executed to Charles A. W. Zimmerman, trustee, who has since departed this life, prior to the date of the death of said Charles A. W. Zimmerman; which motion was sustained by the court, and both depositions, so far as covered by the motion, were excluded.

On such hearing it was shown by the evidence that letters testamentary were issued to the executor of the last will and testament of Charles Mester, deceased, on the 24th day of February, 1876; that claims to the amount of $86.75 had been filed against his estate; that no claims had been allowed against the estate, and that the estate was worth $3,000 on the day of the hearing, and that the same was unincumbered, except by the instruments exhibited in the cause. A decree of foreclosure was rendered and an appeal taken, and the question raised by the appeal is, whether Ferdinand Mester and Henrietta Mester, or either of them, were competent witnesses for the defendants in the cause.

It is clear to our minds that Henrietta Mester was not a competent witness. She is a party to the record, is directly interested in the result of the cause, and was offered as a witness to sustain the defense of usury interposed by herself and her co-defendants.

Section 1 of chapter 51 of Revised Statutes of 1880, page 505, provides: "That no person shall be disqualified as a witness in any civil action, suit, or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise."  *  *  *  *

Section 2 provides:  "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person,  *  *  *  *  unless when called as a witness by such adverse party so suing or defending  *  *  *."

Henrietta Mester comes clearly within the provisions of said section two, and her deposition, so far as covered by the motion, was properly excluded by the court.

But it is different as to the testimony of Ferdinand Mester. He is a party to the record, it is true, but not a necessary party, for he had no interest whatever in the land mortgaged when the bill was filed or during the progress of the cause.   Medley et al. v. Elliott et al. 62 Ill. 536.

And he seems not disqualified as a witness by the letter or spirit of Section 2.   That provides, as shown above, that no party to the suit, or person *directly interested* in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf.   He is a party to the suit, but he did not testify therein of his own motion or in his own behalf.   He had disclaimed all right, title and interest whatever in the estate and effects of his father, and in effect was no longer a party to the proceeding, and was called by the *other* defendants to testify in *their behalf*.   He was therefore not disqualified because he was a party to the suit, and it is clear that he does not come within the other clause of the section, of a person directly interested in the event of the suit.   By the provisions of his father's will, he cannot possibly in any contingency, inherit from his father, mother, brothers or sisters, any portion of the premises mortgaged; and the possibility that the legacy paid

to him may be recovered back, when necessary for the payment of paramount claims, is too remote, contingent and uncertain an interest to disqualify him as a witness.   1 Greenleaf on Evidence, Sec. 408.

The case of Lowman v. Aubrey et al. 72 Ill. 620, has been cited to sustain the position, that the fact that the fact that Ferdinand Mester was a party to the suit, without reference to his want of interest or in whose behalf he testified, disqualified him as a witness.   An examination of that case discloses the fact that the witness whose testimony was excluded was a party to the suit and was directly interested in the event thereof, and was offered as a witness to testify in his own behalf, and therefore, by the express terms of the statute, he was prohibited from being a witness.

The facts in that case are very different from those appearing in the one now before us.

We think the court below erred in excluding the testimony of Ferdinand Mester, and for that error the decree must be reversed and the cause remanded.

<div align="right">Decree reversed</div>