WALL v. MAGNES.

1. PROCEEDINGS AGAINST PARTIES CLAIMING ADVERSE RIGHTS IN REAL PROPERTY.—Sections 255 and 256 of the Civil Code simply recognize the old chancery proceeding whereby a party in possession of real property might compel one claiming an adverse estate or interest to come into court, specify its nature, and have the controversy adjudicated.

2. PLEADINGS AND PROOFS OF THE RESPECTIVE PARTIES.—While plaintiff to maintain the statutory action must aver and prove his possession coupled with title, the duty is devolved upon defendant of asserting an adverse interest in himself and specifying its nature. And before defendant can put plaintiff upon proof touching his possession and title, he must plead accordingly.

3. STATUTORY ALTERNATIVE CONFERRED ON DEFENDANT.—The statute in effect confers upon defendant the alternative of either asserting an adverse claim and pleading its nature, or of disclaiming or filing no answer.

*Appeal from District Court of Arapahoe County.*

Messrs. COE & FREEMAN and Mr. R. H. GILMORE, for appellant.

Mr. HUGH BUTLER, for appellee.

MR. JUSTICE HELM delivered the opinion of the court.

Since one of the questions presented for determination is decisive of this appeal, it alone will be considered.

The action was instituted by appellant Wall under section 255 of the Civil Code, to quiet his title to certain premises in the town of Highlands. His complaint averred, *first*, possession of the premises in dispute; *second*, ownership in fee thereof and the assertion by defendant of an adverse estate or interest therein; and *third*, that the alleged adverse interest of defendant was entirely devoid of legal foundation or right. To this complaint, an answer was filed which first

traversed and put in issue plaintiff's averments of possession and ownership, and secondly pleaded in two separate defenses possession under color of title, together with the payment of taxes for the period of five years next preceding the commencement of suit. Upon demurrer, the two defenses of the answer last above mentioned were held bad. No leave to amend was prayed or granted. The trial therefore proceeded entirely upon the issues touching plaintiff's possession and ownership. The record shows that the decree in favor of defendant was predicated upon plaintiff's failure to sustain the issue of possession.

The position taken in this court by counsel for appellee is, that the statute devolved upon plaintiff below the duty of maintaining by averment and proof his possession and title, before defendant could be called upon to aver or prove the nature of his adverse claim or interest. This contention of defendant's counsel is not unsustained by adjudicated cases. *Pennie v. Hildreth*, 81 Cal. 127 ; *Babe v. Phelps*, 65 Mo. 27 ; *Blasdel v. Williams*, 9 Nev. 161 ; *Flint v. Dulany et al.*, 37 Kans. 332.

The statute in question reads :

"An action may be brought by any person in possession by himself or his tenant, of real property, against any person who claims an estate therein adverse to him for the purpose of determining such adverse claim, estate or interest."

"If the defendant in such action disclaim in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff shall not recover costs." Sections 255, 256, Civil Code, 1887.

These provisions simply recognize in statutory form the familiar chancery proceeding whereby a party in possession of real property might compel persons claiming adverse estates or interests to come into court, specify the nature of their claims, and have them fully and finally adjudicated. "Originally, and independent of statute" says Mr. Pomeroy "this particular jurisdiction of equity was only invoked when either many persons asserted titles adverse to that of the

plaintiff, or when one person repeatedly asserted his title by a succession of legal actions, all of which had failed." Pomeroy's Rem. & Rem. Rights, sec. 369. The scope of the equity proceeding thus defined is broader than when first adopted; its undoubted origin lay in the fact that parties in possession were, owing largely to fictions attending the action of ejectment, subjected to multifarious and harassing suits by the same adverse claimant. Thus its ancient use was simply to prevent the annoyance and expense of repeated legal actions having no substantial merit. *Curtis v. Sutter*, 15 Cal. 359. Mr. Pomeroy follows the foregoing definition with the observation, that the statute obviously enlarges the functions of the modern equity proceeding.

But the very essence of the enlarged statutory proceeding remains the same as it was in equity, viz., to compel one asserting an adverse interest in the property to aver and try such asserted interest. The words employed are: "An action may be brought * * * for the purpose of determining such adverse claim, estate or interest." No language could more plainly or more forcibly express the leading and controlling object of this legislation. While therefore it is true that in order to maintain the statutory action plaintiff must aver and prove his possession, coupled (*Stark v. Starrs*, 6 Wall. 402) with title, legal or equitable, it is no less true that defendant must assert some adverse claim or interest. If defendant be not asserting an adverse claim, there is nothing to try. The language of the statute requiring plaintiff to be in possession is no more emphatic and mandatory than is that requiring the existence of an alleged conflicting interest.

The statutory proceeding is in this respect unlike the action of ejectment; if defendant does not assert an adverse interest in himself, he cannot be permitted to put plaintiff upon proof of his possession and title.

It is sufficient if after pleading possession and ownership by plaintiff the complaint aver generally that defendant claims some adverse estate or interest, and that such claim is unfounded. *Ely v. N. M. & A. R. R. Co.*, 129 U. S. 291.

It is for defendant, if he relies upon an adverse interest, to plead its nature by answer. And plaintiff is entitled to the judgment of the court upon demurrer as to whether defendant's interest thus pleaded has any foundation in law. *The J. M. & I. R. R. Co. v. Oyler*, 60 Ind. 383. When defendant has shown by his answer that he asserts such an adverse interest, legal or equitable, as, if sustained by proof, might entitle him to relief in connection with the property, then and not till then is he in position under the statute to try the issue of plaintiff's possession and ownership.

The suggestion made in *Babe v. Phelps, supra*, that because the answer contained no denial of plaintiff's allegation that defendant claimed an adverse interest in the premises, the existence of such claim became an admitted fact, and thus enabled defendant to try the issue of plaintiff's possession without first pleading the nature of his adverse interest, is not satisfactory. For, in the first place, as we have seen, the law puts upon defendant and not upon plaintiff the burden of specifying the particular nature of the adverse claim. And, second, defendant's failure to respond to this portion of the complaint includes also an admission of the other essential averment that his pretended claim is without foundation either in law or in fact. The latter admission, defendant having failed to affirmatively plead any interest, may be equivalent in law to a disclaimer.

But the obvious purpose of the statute to require defendant, as a condition precedent to trial, to plead the nature of his adverse claim, is shown by another circumstance. This statute affirmatively provides for a disclaimer by defendant of any estate or interest if he intends to assert none; and the precaution is taken to enact that in the event of such disclaimer, or even in the event that defendant files no answer, plaintiff shall not recover his costs. It is assumed that plaintiffs will sometimes be mistaken, and defendants are advised what they shall do in such cases. This provision fairly evinces an intent to declare, that if defendant does not assert an adverse claim or interest, legal or equitable,

he shall either remain entirely silent, or else disclaim. The statute says, in effect, to him: You shall not put plaintiff upon proof of his possession and title unless you assert by plea an adverse interest in the premises. You have the alternative of either asserting a claim and pleading its nature, or of disclaiming or filing no answer.

Numerous authorities employ language that tends to sustain the foregoing construction of the statute.

" An *allegation* that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer or *to allegation and proof of the estate or interest* which he claims." *Ely v. N. M. & A. R. R. Co.*, *supra*.

" These (*allegations in the complaint* of possession by plaintiff and adverse claim by defendant) are sufficient *to require the nature and character* of the adverse claim on the part of the defendant *to be set up*, inquired into, and judically determined, and the question of title finally settled." *P. P. M. Co. v. Kerr*, 130 U. S. 256.

" In this condition, the possessor of the land * * * *may compel his adversaries to come into court, assert their titles* and have the controversies put to rest in the single judgment." Pomeroy's Rem. & Rem. Rights, sec. 369, *supra*.

" He (the party in possession) can immediately, upon knowledge of the assertion of such claim *require the nature and character of the adverse estate or interest to be produced, exposed* and judicially determined, and the question of title to be thus forever quieted." *Curtis v. Sutter, supra*.

" He (the party in possession) can then at once commence his suit and *require the nature and character* of such adverse estate or interest *to be set forth and subjected* to judicial investigation and determination." *Stark v. Starrs, supra*.

" Under that section the owner in possession * * * could *require the nature and character of the adverse estate* or interest ' *to be produced, exposed* and judicially determined.' " *People v. Center*, 66 Cal. 551.

" The intention of the legislature * * * was to require

the defendant * * * to produce and prove his title." Mr. Justice Hawley, dissenting, in *Blasdel v. Williams, supra*.

In *Jordan v. Stevens*, 55 Mo. 361, defendant first denied plaintiff's allegations of title and possession, and then disclaimed any adverse estate or interest. The court say:

" After thus disclaiming title, the defendant had no right to raise any issue in the case, and that part of his answer denying plaintiff's possession was in law a nullity. *It is only where he claims title by his answer that he can proceed to show cause why he should not be required to bring an action.*"

As we view the case, the court below committed a fatal error in proceeding to trial under the pleadings. The judgment will be reversed and the cause remanded with leave to defendant to amend his answer, should he be so advised.

*Reversed.*