Gunter, J.
Plaintiffs brought an action to quiet title to an undivided three-fourths interest in the Katheleen lode claim, asking in the complaint “that the defendants may be required to set forth the nature of their claim and that all adverse claims of the defendants may be determined by a decree of this court. * * * and that the defendants be forever enjoined and debarred from' asserting any claim whatever in or to said Katheleen lode mining claim and premises adverse to plaintiffs herein * * *
Defendant, Lizzie A. Colburn, answered alleging herself to be the owner of an undivided one-tenth interest in said claim.
The complaint discloses the estate claimed by plaintiffs, also the title by which same is held.
The answer makes disclosure as to the estate and title of defendant, Lizzie A. Colburn.
Prom such pleadings it appears that plaintiffs deraigned title to one-fourth of the three-fourths interest claimed by them in the lode through one Laughlin McMullin; also that McMullin originally owned not exceeding an undivided one-fifth interest therein. It appears from above answer that defendant claims an undivided one-tenth interest in the lode, and that the same is carved out of the original interest of said McMullin. As plaintiffs claim one-fourth of their interest or an undivided three-sixteenths interest in the lode, through McMullin; as defendant claims her undivided one-tenth interest therein through the original interest of McMullin; as McMullin has never had exceeding one-fifth interest in the lode, he has never owned a sufficient interest therein to satisfy the claims of plaintiffs and defendant. The claim of de *98 fendant, therefore, is to some extent adverse to the interest of plaintiffs.
Upon the motion of plaintiffs the court struck out the answer of Mrs. Colburn setting up this adverse interest and thereupon gave judgment quieting the title in plaintiffs to an undivided three-fourths interest in the lode. To review alleged error in this ruling defendant as appellant is here. The correctness of the ruling of the lower court must be determined by the complaint and by this stricken answer because no other pleadings were then before it. The plea in abatement setting up the pendency of another suit had been withdrawn by the defendant by leave of court, and the ruling of the court below should have been based as to the motion to strike the answer of Mrs. Colburn, as is the ruling of this court, solely upon the complaint and the answer of Mrs. Colburn. Looking to these pleadings we find a complaint in an action to quiet title. Under the law of this state it was obligatory upon the defendant in order to set up a defense to the cause of action stated in the complaint, to allege in her answer the adverse interest she claimed in the premises in dispute. Wall v. Magnes, 17 Colo. 476. She did set out such interest in her answer, and it should have stood against the motion to strike.
The case should be reversed with instructions to the lower court to deny the motion of plaintiffs to strike the answer of Mrs. Colburn and the motion of plaintiffs for judgment upon the pleadings.
Judgment reversed.

Reversed.

Thomson, J., not sitting.