MARIA K. KRAMER, APPELLANT, v. SARA KRAMER DORSCH ET AL., APPELLEES.

115 N. W. 2d 457

Filed June 1, 1962. No. 35202.

*Wright, Simmons & Hancock,* for appellant.

*Lyman & Winner,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

CARTER, J.

This is an action to set aside a deed to the northeast quarter of Section 2, Township 22 North, Range 55 West of the 6th P.M., in Scotts Bluff County, Nebraska, on the ground that it was procured by fraud and undue influence. The trial court found for the defendants and dismissed plaintiff's petition. Plaintiff has appealed.

The plaintiff is 84 years of age. She can speak some English. She cannot read or write English. She can sign her name. She is the widow of Peter Kramer, who died in 1940. Upon his death she became the owner of one-third of the fee title and a life estate in the land involved in this action. Six children of plaintiff inherited two-thirds of the farm, subject to the life estate of the plaintiff. Henry, an unmarried son, died in 1944 and plaintiff inherited his one-ninth interest in the land. The remaining children were Sara Dorsch, William Kramer, Jacob Kramer, Peter Kramer, and Sophia Simon.

The evidence shows that on September 17, 1958, plaintiff executed a quitclaim deed to Sara Kramer Dorsch conveying all her right, title, and interest in and to the land in question. The following was typed into the quitclaim deed: "This deed is given for the consideration as herein recited and for the additional consideration of confirming and replacing the quit claim deed by the grantor Maria Kramer to the grantee Sara Kramer Dorsch covering the real estate above described made, signed and delivered by the grantor herein to the grantee herein some time during the year 1946 which said quit claim deed was retained by the grantee in her possession

until during the year 1954 at which time the same was destroyed by a brother-in-law of the grantee."

With reference to the quitclaim deed executed and delivered on May 28, 1946, the evidence shows that Sara Dorsch was at that time unmarried and living with her mother, the plaintiff. The testimony of Sara Dorsch and William Kramer is that Sara desired to leave the home and live her own life. Plaintiff urged Sara to remain with her and, according to the evidence of William and Sara, agreed to convey to Sara all her interest in the land here in question if Sara would remain with her. The 1946 deed was executed and delivered to Sara in pursuance of this understanding. Sara did remain with her mother from 1946 to 1958 except for a few vacation trips. The circumstances are consistent with Sara's evidence. The fact is that plaintiff does not dispute them. William Kramer corroborates Sara's testimony. The quitclaim deed was drafted and executed in the office of an attorney who explained the effect of the deed to the plaintiff. Sara did not record the deed. She gave it to William Kramer for safe keeping, who retained possession of it until 1954 when Sara asked for it and took it back into her own possession. Sara states that plaintiff desired to see the deed and that she gave it to her mother with the understanding that it would be returned to her. Instead of returning it to her, plaintiff and a brother-in-law of Sara willfully destroyed it by burning.

It is clear from the evidence that the 1946 quitclaim deed was properly executed and delivered to Sara and had the legal effect of conveying all of plaintiff's interest in the land to Sara. While the 1946 quitclaim deed was not recorded, the execution and delivery of it had the effect of conveying plaintiff's interest in the land irrespective of that fact. The destruction of the 1946 quitclaim deed did not have the effect of reconveying the title to plaintiff. Such a reconveyance of title could be accomplished only in the manner provided by statute. The rule is: Where a grantor has executed a deed and

made a valid delivery, he cannot subsequently, by withdrawing or destroying the deed, or by other acts indicating a subsequent change of intention, affect the transaction thus completed. Milligan v. Milligan, 161 Neb. 499, 74 N. W. 2d 74; Brown v. Hartman, 57 Neb. 341, 77 N. W. 776; Bunz v. Cornelius, 19 Neb. 107, 26 N. W. 621.

The quitclaim deed executed and delivered on September 17, 1958, was given to confirm the 1946 quitclaim deed which had been destroyed by the grantor and another. There is no evidence that plaintiff did not intend to convey all her interest in the land absolutely at the time each of the two quitclaim deeds was delivered.

The destruction of the 1946 quitclaim deed seems to have been brought about by the mistaken belief of plaintiff that she had conveyed the remainder interests of the other four children to Sara when she executed and delivered the first deed. When she executed and delivered the quitclaim deed in 1958, the effect of the deed was fully explained to her and she executed and delivered it with full knowledge of its import. The evidence is clear that plaintiff intended to convey all of her right, title, and interest in the land to Sara absolutely at the times the deeds were executed and delivered. Plaintiff does not dispute this. It is quite plain that the destruction of the first deed and the attempt to void the second was the result of a mistake as to the effect of the first and a subsequent change of intention as to the second. We conclude that title to the land passed to Sara absolutely by the 1946 deed. Since Sara already was the owner of plaintiff's interest in the land, the 1958 deed was merely a confirmation of the previous title affording a means of showing that title on the public record.

Plaintiff contends that Sara is estopped to assert title by virtue of the 1946 quitclaim deed. We see no element of an estoppel in this case. While it is true that if a grantee redelivers a deed to the grantor with the intention of reconveying the title he may be estopped from

claiming title under such deed, we have no such situation here. There is no evidence that Sara returned the 1946 deed to plaintiff for the purpose of reconveying the title. The evidence is that she gave it to plaintiff with an agreement that it would be returned to her. The 1958 deed shows on its face that it was given to confirm and replace the 1946 deed, which appears to have been validly executed and delivered. Sara has been the legal owner of plaintiff's interest in the land since 1946. Plaintiff has lost any right she may have had to question the validity and effect of that deed by statutory limitation. While we find no basis for setting aside the 1958 deed, plaintiff could gain nothing in having it set aside in any event, since Sara has been the absolute owner of plaintiff's former interest in the land since 1946.

The trial court came to the same conclusion and its judgment is affirmed.

AFFIRMED.