CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE, V.
BERNARD J. MORELLO, APPELLANT, AND DOUGLAS COUNTY,
NEBRASKA, A POLITICAL SUBDIVISION, AND
JULIE M. HANEY, DOUGLAS COUNTY TREASURER, APPELLEES.

602 N.W.2d 1

Filed October 15, 1999.    No. S-98-636.

David A. Domina and Eric M. Johnson, of Domina Law, P.C., for appellant.

James S. Jansen, Douglas County Attorney, and Patrick T. Bloomingdale for appellees Douglas County and Julie M. Haney.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The district court granted partial summary judgment in favor of Douglas County and the Douglas County Treasurer, Julie M. Haney (collectively referred to as "County"), against Bernard J. Morello. The cause arose from an eminent domain proceeding that was initiated by the City of Omaha, which is not a party to this appeal. In such proceeding, the city had condemned an interest in tracts 24A and 24B (the tracts), in which both the County and Morello claimed fee simple title. The city condemned both Morello's and the County's interests, and following an award to the County by the board of appraisers, the city appealed, alleging an excessive award. Morello answered and counterclaimed that the award was inadequate. The County answered and cross-appealed against Morello, alleging that the County was the owner in fee simple of the tracts which were the subject of the condemnation by the city.

The issue presented is whether the County held the tracts in fee simple title at the time of the condemnation and was therefore entitled to the proceeds of the award. Morello appeals from the partial summary judgment in favor of the County.

## SCOPE OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *NECO, Inc. v. Larry Price & Assocs., ante* p. 323, 597 N.W.2d 602 (1999).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Hagelstein v. Swift-Eckrich, ante* p. 312, 597 N.W.2d 394 (1999).

## FACTS

### TAX FORECLOSURE

On June 10, 1988, the County initiated a tax foreclosure proceeding which included an action against Father Flanagan's

Boys' Home (Boys Home) for delinquent taxes on the tracts. The tax foreclosure included many parcels of real estate upon which taxes owing to the County had not been paid. The record shows that the Douglas County Treasurer offered the tracts for sale pursuant to Neb. Rev. Stat. § 77-1801 et seq. (Reissue 1986 & Cum. Supp. 1988). Numerous parcels of real estate, including the tracts, were offered but were not sold and were subject to foreclosure, as required by Neb. Rev. Stat. § 77-1918 (Reissue 1986). Subsequently, on October 24, the Boys Home executed and delivered to the County a quitclaim deed to the tracts in question. On November 10, the Douglas County District Court entered a decree of foreclosure involving various real estate in the case County of Douglas v. Gamara Chevalle Limited Partnership, et al., filed at docket 233, No. 2455, and through the County's inadvertence, the tracts were not removed from the foreclosure proceedings.

On April 19, 1989, the County recorded the quitclaim deed it had received from the Boys Home. An order of sheriff's sale was entered concerning the tracts, and on July 26, the sheriff's return to order of sale was entered, and the Land Reutilization Commission (LRC) was the highest bidder on the tracts at $206.62.

On August 30, 1991, a motion to confirm the sale was filed, and on September 12, an order confirming the sale was entered. Subsequently, a sheriff's deed was delivered to the LRC on October 1, and the LRC delivered a special warranty deed to Morello on October 30.

## CONDEMNATION PROCEEDINGS

Eminent domain proceedings were initiated by the city on July 23, 1996, to condemn the interests of the County and Morello as to the tracts. The final report of the appraisers, filed on September 6, awarded $56,500 for tract 24A and $3,500 for tract 24B. The city appealed to the district court, alleging that the award was excessive. Morello counterclaimed that the award was inadequate. The County filed an answer and cross-appeal, alleging that the County was entitled to the award.

The County moved for partial summary judgment, alleging ownership of the tracts. The district court granted partial

summary judgment in favor of the County as to ownership of the tracts, and Morello appealed.

The following is a summary of the significant dates and events involved herein:

| | |
|---|---|
| 06/10/88 | County filed foreclosure petition in district court (Gamara Chevalle Limited Partnership, et al. proceeding). |
| 10/24/88 | Boys Home executes and delivers to County quitclaim deed regarding tracts. |
| 11/10/88 | Decree of foreclosure entered by district court, including tracts. |
| 04/19/89 | County records quitclaim deed from Boys Home to tracts. |
| 06/20/89 | District court requested to enter order for sheriff's sale of subject property. |
| 07/26/89 | Property sold to LRC. |
| 08/30/91 | County files motion to confirm sale of subject property to LRC. |
| 09/12/91 | District court enters order confirming sale. |
| 10/01/91 | Sheriff's deed to LRC is executed and delivered. |
| 10/30/91 | Special warranty deed executed by LRC in sale to Morello. |
| 07/23/96 | City files condemnation action seeking to condemn interests of both County and Morello. |
| 09/06/96 | Final report of appraisers filed, awarding $56,500 for tract 24A and $3,500 for tract 24B. |
| 01/16/97 | Morello files answer and counterclaim. |
| 01/21/97 | County files answer and cross-appeal. |
| 06/11/98 | District court enters partial summary judgment in favor of County, finding that County remained titleholder of tracts and that "by law, Defendant Douglas County and Defendant Haney are the rightful recipients of the eminent domain proceedings for Tracts 24A and 24B." |

## ASSIGNMENTS OF ERROR

In summary, Morello claims that the district court erred in granting partial summary judgment to the County, therein

finding that the County held fee simple title to the tracts and that Morello did not hold fee simple title to the tracts.

## ANALYSIS

■ We briefly address the question of jurisdiction over this appeal. We must first determine whether the district court's order granting the County's motion for partial summary judgment was a final, appealable order. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to hear appeals from nonfinal orders. *Bargmann v. Nebraska Dept. of Roads, ante* p. 766, 600 N.W.2d 797 (1999).

■ Whether a partial summary judgment is a final, appealable order depends upon its effect. *Larsen v. Ralston Bank,* 236 Neb. 880, 464 N.W.2d 329 (1991). An order is final if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on a summary application in an action after judgment is rendered. *Charles Vrana & Son Constr. v. State,* 255 Neb. 845, 587 N.W.2d 543 (1998).

■ The district court's ruling on the motion for partial judgment determined whether Morello or the County had fee simple title to the tracts. This ruling affected a substantial right of Morello and as such would dispose of the merits of the case as to Morello. When no further action of the court is required to dispose of a pending case, the order is final. *Tess v. Lawyers Title Ins. Corp.,* 251 Neb. 501, 557 N.W.2d 696 (1997). Therefore, the partial summary judgment in this instance was a final, appealable order.

We next consider the effect of the conveyance of the tracts to the County by the Boys Home. The County asserts that no interest in the tracts passed to the LRC by the sheriff's deed because prior to the sale of the tracts at the foreclosure sale, the County obtained fee simple title from the Boys Home. The County's argument is premised on its claim that the district court had no jurisdiction over the County in the foreclosure proceedings because jurisdiction in a foreclosure is dependent upon the existence of delinquent taxes. The County contends that if the taxes

are no longer delinquent, there is no jurisdiction that would support the foreclosure.

The County relies upon *Mack v. Luebben*, 215 Neb. 832, 341 N.W.2d 335 (1983). There, Luebben paid the back taxes prior to sale, but a tax deed was mistakenly issued by the treasurer's office to Mack. We held that the tax deed was void and that where taxes have actually been paid at the time of sale, the defect is jurisdictional. A purchaser at a tax sale which is void because the taxes have been paid does not therefore acquire title under a void deed. *Id.*

Morello claims that the transfer of the tracts from the Boys Home to the County did not discharge the existing tax liens. He asserts that such discharge is a legal impossibility according to Neb. Rev. Stat. § 77-1737 (Reissue 1996), which provides in part: "No county or township board, city council, or village trustees shall have the power to release, discharge, remit, or commute any portion of the taxes assessed or levied against any person or property within their respective jurisdictions for any reason whatever." Morello argues that since the County failed to offer any evidence to show that the delinquent taxes were paid at the time the petition was filed or at the time the order confirming the sale of the property to the LRC was entered, the taxes remained unpaid and delinquent throughout the foreclosure proceedings. He asserts that the taxes remained delinquent until the sale was made to the LRC pursuant to Neb. Rev. Stat. § 77-3212 (Reissue 1996).

Morello also disputes the County's argument that any tax on the property was negated for the reason that the County could not owe taxes to itself. He relies upon our decision in *County of Madison v. School District No. 2*, 148 Neb. 218, 27 N.W.2d 172 (1947). The question presented in *County of Madison* was whether the tax liens on the real estate in question were discharged because the real estate had been purchased by the school district, a political subdivision. We determined that part of the lien was not discharged or extinguished and that the school district took the real estate subject to the tax liens to the same extent as would a private purchaser. We stated: "If we were to hold that the lien of the tax was dissolved and extinguished merely because the property subsequently became the property

of the school district, we would, by judicial decision, be approving in effect that which the Constitution and the statute prohibit." *Id.* at 225, 27 N.W.2d at 176.

In *County of Madison*, the school district was not the only political subdivision that was a beneficiary of the taxes involved. We held that under these circumstances, there could be no merger of the lesser estate in a greater estate. Dissolving the tax lien under those circumstances would have the effect of taking the property of one unit of government and handing it to another. Therefore, title to the property passed to the school district subject to the burden of the tax and until the tax was discharged.

The next question is whether the record discloses sufficient facts for us to determine whether the cause presently before us is controlled by our decision in *County of Madison* or is distinguishable on the facts. At oral argument, both parties agreed that the only taxes involved in the foreclosure proceeding were taxes due and owing to the County, and the record so indicates. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *NECO, Inc. v. Larry Price & Assocs., ante* p. 323, 597 N.W.2d 602 (1999). Since the County was the only political subdivision to which the estate taxes were payable, no school district or other political subdivision had an interest in the real estate tax and the case is distinguishable from *County of Madison.*

Here, the Boys Home executed and delivered a quitclaim deed to the County on October 24, 1988. The property was foreclosed on November 10, and the deed was subsequently recorded on April 19, 1989. The quitclaim deed issued by the Boys Home was sufficient to transfer ownership of the tracts to the County.

Recording of a deed is not, in the absence of a statute, essential to its validity for the transition of title as between the parties to the deed. Recording is not necessary or essential to convey title as between the parties. Unless required by recording acts, the interest in real property is legally and effectively transferred by the delivery of a deed or other document of conveyance even

if the document is not recorded. See, 14 James H. Backman, Powell on Real Property § 82.01[3] (1999). See, also, *Kramer v. Dorsch*, 173 Neb. 869, 115 N.W.2d 457 (1962) (upon delivery, deed becomes operative where such was intention of parties); *Brooks v. Brooks*, 105 Neb. 235, 180 N.W. 41 (1920) (title under deed passes at time of delivery).

Recording acts may be called upon to protect subsequent parties who have no notice of the unrecorded instrument, but the instrument is duly enforceable between the parties who have notice to the transaction. The purpose of the recording act is to protect subsequent bona fide purchasers from unrecorded instruments, not to invalidate a transaction between the parties who entered into it. When the Boys Home executed and delivered the quitclaim deed to the County, title and ownership of the tracts passed to the County. The recording of the County's deed on April 19, 1989, gave notice to all subsequent purchasers of the County's interest in the tracts.

Having concluded that the quitclaim deed properly transferred the Boys Home's interest in the tracts to the County, we next address whether the taxes were merged in the fee simple title to the County. Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Hagelstein v. Swift-Eckrich, ante* p. 312, 597 N.W.2d 394 (1999). We conclude that § 77-1737 does not prevent the taxes from merging in the fee simple title on conveyance of the tracts to the County. When the tracts, with taxes owing to the County, were conveyed to the County, there was nothing more for the County to receive. Such conveyance did not result in a commutation of any portion of the taxes assessed, in violation of § 77-1737.

The facts herein are distinguishable from those in *County of Madison v. School District No. 2*, 148 Neb. 218, 27 N.W.2d 172 (1947), in which we held that there could be no merger of the lesser estate in the greater estate under circumstances where the county sought to foreclose delinquent tax liens against the school district (another political subdivision which owned and was using the property). In *County of Madison*, one portion of the taxes was due to the state, another due to the county, and

another due to the school district. Thus, our decision in *County of Madison* that the tax lien was not dissolved and extinguished when the property was acquired by the school district does not apply. Here, the County was the only beneficiary of the taxes involved.

Finally, we address Morello's claim that the County is judicially estopped from asserting that the tracts could not be sold at the foreclosure sale. The doctrine of judicial estoppel provides that inconsistent claims against different parties may be barred. In *Melcher v. Bank of Madison*, 248 Neb. 793, 798, 539 N.W.2d 837, 842 (1995), we stated: "The doctrine of judicial estoppel holds that one who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." We conclude that this assignment of error has no merit. An estoppel argument may not be raised against the County under these circumstances. The tracts, which were sold at the foreclosure sale, should not have been offered for sale. The County admits that it erroneously allowed the tracts to remain on the list of property to be sold even though it had already obtained title to the tracts. Once the County obtained title to the tracts, the deed executed under the foreclosure proceedings to the LRC was void, and the subsequent deed from the LRC to Morello was also void.

Unless otherwise permitted by statute, a county may convey its interest in real property through the procedures found at Neb. Rev. Stat. § 23-107.01 (Reissue 1997), which requires counties to declare real property to be surplus and not needed for county purposes and to declare the fair market value before allowing the real property to be sold to the highest bidder at public sale. Since the County owned the tracts in question at the time the sheriff's deed was conveyed to the LRC, the foreclosure as to the tracts was void. The fact that the foreclosure proceedings mistakenly included these tracts did not divest the County's interest in them. The County's deed to the tracts was of record prior to the sale of the property to the LRC, and the County was not estopped from asserting its interest in the eminent domain proceedings.

## CONCLUSION

Having considered Morello's assignments of error and finding them to be without merit, we affirm the judgment of the district court for the reasons stated herein.

AFFIRMED.