Thomson, P. J.
On the 20th day of November, 1890, Emil Ziehl *434 made- Ms promissory note for $500 to Frederick Munroe, due in three years, with interest from date at 8 per. cent, per annum, and secured its payment by deed of trust on certain real estate in Arapahoe county. On the 26th day of January, 1893, Ziehl conveyed the premises to Carl E. Palmborg, subject to the trust deed. About the time of the maturity of the note it was transferred and assigned by the payee, Munroe, to Everett Paine. After the maturity of the note, default having been made in its payment, Paine caused the trust deed to be foreclosed, became the purchaser at the sale, and received a trustee’s deed of the property on the 24th day of March, 1897.
The taxes assessed against the land for the year 1892 became delinquent, and it was sold for their payment. Pursuant to the sale, on the 27th day of November, 1896, a deed to the premises was executed and delivered by the treasurer to Aaron Gove and Robert S. Roe. These afterwards conveyed the title thus acquired to Emma K. Watkins, who, in turn, transferred it to Amelia Palmborg, the wife of Carl E. Palmborg, who had, in the meantime, deserted her.
Paine brought this action against Amelia Palmborg and Joan Smith — the latter of whom it was alleged asserted some interest in the property subject to the claim of the defendant — setting forth the foregoing facts, alleging certain irregularities in the proceedings connected with the tax sale, and praying-judgment for the cancellation of the deed, and for the possession of the premises. When the plaintiff had introduced his evidence, on motion of the defendant judgment of nonsuit was rendered against him, and he appealed to this court.
The evidence showed the facts substantially as alleged in the complaint. The only irregularity complained of, which we find it necessary to consider, *435 concerns the proof of publication of the delinquent tax list and notice of sale.
It is provided by our revenue law thatthe county treasurer shall, before the 20th day of April in each year, make out a list of all lands and town lots subject to sale for taxes, with an accompanying notice stating that so much of each tract of land or town lot described in the list as may be necessary for the payment of delinquent -taxes will, on a day specified thereafter, and the next succeeding days, be sold by him at public auction at the county treasurer’s office, for the taxes and charges thereon; that the treasurer shall give notice of the sale by publication thereof once a week, for not less than four weeks, in a newspaper in his county; that the first of such publications shall be at least four weeks before the day of sale; and that every printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county an affidavit of such publication, made by the person to whom the fact of publication shall be known, which affidavit may be substantially in the following form:
“I, A-B-, publisher (or printer) of the -, a-newspaper, printed and published in the county of —■— and state of Colorado, do hereby certify that the foregoing notice and list were published in said newspaper, once in each week, for-- successive weeks, the last of which publications was made prior to-day of-, A. D.-, and that copies of each number of said paper, in which said notice and list were published, were delivered by carriers or transmitted by mail to each of the subscribers of said paper, according to the accustomed mode of business in this office.
^_g_
Publisher (or printer) of the-.”
—Mills’ Ann. Stats., sections 3882, 3883, 3884. Sec *436 tion 3885 further provides that all affidavits concerning notice shall be deposited by the treasurer with the county clerk, to be there carefully preserved.
Section 3901 prescribes the form of deed to be executed by the treasurer, and section 3902 provides that a deed so executed shall be prima facie evidence of a number of facts — among others, that the property was advertised for sale in the manner and for the length of time required by law. The deed in this case was regular on its face, and conformed to the statutory requirements; and, to rebut the presumptions which attended it, the plaintiff introduced the affidavit of publication of the delinquent tax list and notice of sale for the taxes of 1892, identifying it by the testimony of the deputy county clerk as being such affidavit, and on file in the county clerk’s office. That affidavit is as follows:
“State of Colorado,
County of Arapahoe, ss,
I, H. W. Hawley, President of The Denver Times Publishing Company, publisher of' The Denver Times, a weekly newspaper, printed and published in the County of Arapahoe and State of Colorado, do hereby certify that the attached and foregoing list was published in said newspaper once in each week for four successive weeks, the last of which publication was made on the 27th day of September, A. D. 1893. Also, that the notice and list were published in the daily edition o'f said newspaper on the 6th day of September, 1893, and the last of which publication was made prior to the first day of October, 1893; that copies of each number of said paper, both daily and weekly, in which said notice and list were published, were delivered by carriers or transmitted by mail to *437 each of the subscribers of said paper according to the accustomed mode of business in this office.
(Signed) H. W. Hawley,
President of The Denver Times Publishing Company.”
The purpose of the statute requiring the affidavit, and its careful preservation by the county clerk, is to make it exclusive evidence of the fact and manner of the publication. Except, perhaps, in ease of its destruction, no other kind of proof can be substituted for it. — Rustin v. Tunnel Co., 23 Colo. 351.
This affidavit is fatally insufficient. It attempts to show a publication in two different newspapers; one weekly, and the other daily. In the weekly, the notice of sale does not appear to have been published at all. The publication of the list, only, is certified to. But without the notice, the public could not know when, or where the sale would take place, and the land would be at the mercy of the persons happening to be present. In the daily, both the notice and list appear to have been published; but the affidavit shows only one publication there. It says that the publication was made on the 6th day of September, 1893, and that the last publication was made prior to the first day of October, 1893. As only one publication is specified, the only conclusion to be drawn is that it was the first and last publication. But the statute required the publication to be continued each week for four weeks.
In Morris v. St. Louis National Bank, 17 Colo. 231, our supreme court says: “Among other prerequisites to a valid sale of lands for taxes, the statute provides for the giving of notice of such sale,, for the proof of such notice, and for the careful preservation of such proof. "When, by proper averment and evidence, it is affirmatively shown that proper -notice of a sale has not been given, or that the proof *438 of such, notice has not been made in substantial conformity with the statute, the sale will be adjudged invalid, notwithstanding a tax deed in proper form may have been duly executed and recorded.”
The defendant, in her answer, avers that, in addition to the title derived through the- tax deed to Gove and Roe, she claims the premises by virtue of a treasurer’s deed issued to her on the 12th day of March, 1900. This allegation is not denied; and it is argued that, as in an action to recover real property, the defendant may set up a title acquired after the .action was begun, the admission by the plaintiff of the existence of this second deed is fatal to his case. But this deed, like the one under consideration, appears to have been a treasurer’s deed. It is not before us, nor are we advised in any way of its contents. Whether it was executed in substantial conformity with the statutory requirements, so as prima facie to convey title, we do not know. For aught that appears, it may be void on its face; and without knowledge of what it contains, we cannot consider it. By reason of the substantial variance of the affidavit of publication of the notice and list from the statutory- requirements, the deed before us operates only as a cloud upon the title of the plaintiff. However, the defendant, by virtue of her purchase, has a lien upon the land for the taxes on account of which it was sold, and for any other taxes she may have paid on' the property subsequently. An ascertainment should be had of the amount to which she is so entitled, and upon its payment to her, the deed should be cancelled.
The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.

Reversed.