[No. 5077.]
[No. 2643 C. A.]

LAMBERT v. SHUMWAY.

1.  **Quieting Title—Pleading—Proof.**

While plaintiff, in an action to quiet title, in order to maintain the action, must aver his possession coupled with title, the duty devolves upon defendant of asserting an adverse interest in himself and specifying its nature; and before he can put plaintiff upon proof touching his possession and title, he must plead accordingly, for a simple denial in the answer of plaintiff's possession is not sufficient to put plaintiff upon proof touching the same.—P. 352.

2.  **Tax Sales—Notice—Proof of Publication—Affidavit.**

Unless an affidavit of publication of a notice of a tax sale shows that copies of each number of the paper in which the notice was published were delivered by carriers or transmitted by mail to each subscriber of the paper, according to the custom and mode of business in the office, it is insufficient, and a sale based thereon is invalid.—P. 353.

*Appeal from the District Court of Arapahoe County.*
*Hon. S. L. Carpenter, Judge.*

Action by Charles W. Shumway against William
T. Lambert.   From a judgment in favor of plaintiff,
defendant appeals.                                *Affirmed.*

Mr. WM. T. ROGERS and Mr. FRANK W. BARRY,
for appellant.

Mr. HERBERT M. MONROE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

This is an action to quiet title to real estate.

The complaint is in the usual form.   Two de-
fenses are attempted to be set up in the answer, the
first consisting of admissions and denials only.   The
second pleads title in defendant by virtue of a tax
deed.

Plaintiff replied denying the validity of the tax
deed, and alleging that the proceedings leading up to
its execution were defective in several respects,
among which was that no sufficient affidavit of publi-
cation of the notice of the tax sale had been made.

The cause went to trial and among other things
it is shown that the proof of publication recites that
copies of each number of the paper in which the notice
of tax sale was published were delivered by carrier
or transmitted by mail to each of the subscribers of
said paper "in the county of Arapahoe," according
to the custom of business in the office of the news-
paper.

Judgment was rendered for the plaintiff.   De-
fendant appeals.

The questions discussed in the briefs are as to
the sufficiency of defendant's defense, and as to

whether or not it was necessary for the plaintiff to prove possession in order to maintain the action.

Appellant contends that plaintiff was not entitled to judgment because the proof does not show that he was in possession of the premises and that his being in possession is a jurisdictional matter.

While plaintiff, to maintain the action, must aver his possession coupled with title, the duty is devolved upon defendant of asserting an adverse interest in himself and specifying its nature, and before he can put plaintiff upon proof touching his possession and the title, he must plead accordingly.—*Wall v. Magnes*, 17 Colo. 476.

Defendant has not done this. The first alleged defense consists merely of denials and admissions. This defense standing alone is not sufficient to put in issue the possession of plaintiff, because, as was said in the case of *Wall v. Magnes, supra,* before defendant can put plaintiff upon proof touching his possession and title, he must plead an adverse interest in himself.

The defendant may plead as many defenses to the cause of action alleged in plaintiff's complaint as he desires, but each of these defenses must be complete of itself and must be tested by its own allegations.—*Weston v. Estey,* 22 Colo. 343; *Travelers' Ins. Co. v. Redfield,* 6 C. A. 196.

The first defense neither alleges title nor possession in the defendant.

The second defense of defendant fails because the affidavit containing the proof of publication of the notice of tax sale shows that the paper containing the notice "was delivered by carrier or transmitted by mail to each of the subscribers in the county of Arapahoe, in the state of Colorado." The statute requires that this affidavit shall show that copies of each number of the paper were "delivered by carrier or trans-

mitted by mail to each of the subscribers.'' It is apparent that the delivery of the papers to each of the subscribers in a single county does not conform to the requirements of the statute.

Unless an affidavit of publication of notice of a tax sale shows that copies of each number of the paper in which the notice was published were delivered by carriers or transmitted by mail to each subscriber of the paper, according to the custom and mode of business in the office, it is insufficient and a sale based thereon is invalid.—*Rustin v. M. & M. Tunnel Co.,* 23 Colo. 351; *Morris & Thombs v. St. Louis N. Bk.,* 17 Colo. 235.

The second defense failing, the denial of plaintiff's possession in the first defense is not sufficient to put plaintiff upon proof touching the same.

Perceiving no error in the proceedings of the court, the judgment will·be affirmed.    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.