[No. 6419.]

THE EMPIRE RANCH AND CATTLE CO. v. WEBSTER.

1. PLEADINGS—*Defective Complaint—Waiver by Answer—* Bill to quiet title fails to aver that the claim asserted by defendant is adverse to plaintiff, answer asserting an adverse claim cures the defect—(210).

2. QUIETING TITLE—*Tender of Taxes—*Not required—(210).

3. ——*Plaintiff's Title and Possession*—An answer contain- ing mere admission and denials, but not asserting an adverse title, does not put plaintiff to proof of either possession or title— (211, 213).

Otherwise when the answer asserts an adverse title, though not denying the allegations of the complaint.

4. ——*Answer*—Merely asserting a adverse title is sufficient. *Lambert v. Shumway*, 36 Colo. 350, *Mitchell v. Knott*, 43 Colo. 135, explained—213, 215).

5. ——*Evidence—Constructive Possession*—A deed of trust purporting to convey the land, and a trustee's deed thereunder, no possession in the grantor in trust being shown, nor title in him from any source, is insufficient to establish title—(216).

6. PROCESS—*Service by Publication*—A decree · by default, upon mere publication of the summons, upon an affidavit which fails to comply with the statute, is void—(215).

7. TAX TITLE—*Tax Deed not Recorded*—Conveys no title— (211).

*Appeal from Washington District. Court.*—HON. H. P. BURKE, Judge.

MR. R. H. GILMORE and MR. J. C. GUNTER, for appellant.

MESSRS. ALLEN & WEBSTER and MR. JOHN F. MAIL, for appellee.

MR. JUSTICE BAILEY delivered the opinion of the court :

This is an action to quiet title under section 255 of the code. The complaint alleges that plaintiff, appellee, is the owner and in possession of the land in controversy; that defendant, appellant, without right against plaintiff, claims some title and interest therein, and thus casts a cloud upon his title. The answer, for a first defense, admits that the defendant claims an interest in and title to the land, and denies all other allegations of the complaint. For a second defense, the defendant sets up a tax title based on sale of 1896, for taxes of 1895, and an

assignment of the tax sale certificate to it, upon which treasurer's deed issued February 20th, 1901, which was recorded on the following day. For a third defense, there is a plea of the five year statute of limitations. The fourth defense sets out a decree in favor of the defendant, quieting title to the land in question, under date July 2nd, 1902, in the county court of Washington County, which decree was filed for record in the recorder's office of that county on July 7th, 1902. For a fifth defense, there is a plea of laches on the part of the plaintiff in instituting the suit and a failure on his part, before the commencement of the suit, to pay, tender, or offer to pay, the taxes paid out, with interest and penalties.

The replication denies all new matter in the answer, except as expressly admitted; admits the land was subject to taxation as alleged, and that it was on October 19th, 1896, sold by the treasurer of the county for taxes, and that a tax sale certificate issued accordingly; alleges that October 19th, 1896, was the first day of the sale, and the treasurer unlawfully declared said land sold to the county, when the land could not legally be struck off to it on the first day of sale; admits the assignment of the certificate and execution of treasurer's tax deed more than three years after the sale; but alleges that the treasurer fraudulently issued the tax deed on February 20th, 1901, to the defendant; that it was void on its face, because the certificate of sale was assigned by the county clerk more than three years after the tax sale; that the deed falsely recites that the land was sold October 26th, 1896, when, as the treasurer well knew, the sale was in fact made on October 19th, 1896, as averred in the answer; that the date October 26th, 1896, was inserted in the deed by collusion between the treasurer and defendant, in order to make the deed appear fair on its face; and that because of

·such fraud, and because the land was struck off to the county on the first day of the tax sale, the deed is void. As to the decree relied on by defendant, it is averred in ·the replication that the same was entered without jurisdiction; that no sufficient affidavit for publication of summons was filed by plaintiff; that the summons was not published as required by law; that no jurisdiction· was .acquired for service of summons by publication; that the decree was void for want of jurisdiction of the parties, and also because neither the plaintiff, nor any person having a beneficial interest in the land, through the source from which plaintiff's title is derived, was made a party to the proceedings, and that the decree is, therefore, no bar to this suit of plaintiff.

The first objection is that as the complaint does not allege that the claimed title of defendant is an adverse one, it is insufficient to state a cause of action. No demurrer was interposed, but an answer was filed, setting up in fact an adverse title, and trial had. This was a ·waiver of that objection. *Empire R. & C. Co. v. Bender,* 49 Colo. 523, upon facts almost precisely like those in the case at bar, upon full consideration of this point, was ruled against a contention like the one now urged.

The necessity that plaintiff make tender in an action like this of the taxes and penalties to entitle him to maintain a suit to quiet title, which is the second point urged, has been determined in the negative in the case of *Empire R. & C. Co. v. Lanning,* 49 Colo. 458.

In *Empire R. & C. Co. v. Coldren,* 51 Colo. 115, a decree quieting title upon service of summons had in manner and form as in this case, and upon an affidavit ·for such service substantially the same as the one now shown in the evidence, was held a nullity, and the rule laid down in that .case is applicable and binding here. It· follows,

therefore, that the defendant acquired no title to the land· in controversy under the county court decree relied upon and pleaded.

The defendant did not put his tax deed in evidence. There was no admission that the tax deed was recorded, but on the contrary, that matter was directly put in issue, and as no proof was offered to that point, there is no tax title before us for consideration, because an unrecorded tax deed conveys none.

In *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231, it is said:

"In the first place the tax certificate does not convey title; nor can a tax deed be lawfully executed and delivered until three years after the land has been bid off by the purchaser; nor does the deed, when signed, attested, acknowledged and delivered convey title; it is only when the deed is executed and recorded as provided by the statute, that it vests in the purchaser, *prima facie,* the title of the owner.—Mills' Stats. 3900-3904."

The defendant having shown no title whatever to the land, it is, therefore, upon the present record, entitled to no relief.

The complaint alleges that plaintiff is the owner in fee and in possession of the land in controversy. The first defense, which is separately stated, consists of denials and admissions. The second defense, also separately stated, sets up an adverse title in defendant, but contains no denials. It is contended that neither of these defenses put plaintiff to proof of title and possession. This claim is true as to the first defense, which consists merely of denials and admissions. *Litch· v. Bryant,* 46 Colo. 160. It is, however, not true as to the second defense. That plea, though simply asserting an adverse estate in defendant, still puts plaintiff to proof of title and

possession. This has been repeatedly held in this jurisdiction. The leading case on the subject is *Wall v. Magnes,* 17 Colo. 476. In that case, at page 479, it was said:

"When defendant has shown by his answer that he asserts such an adverse interest, legal or equitable, as, if sustained by proof, might entitle him to relief in connection with the property, then and not till then is he in position under the statute to try the issue of plaintiff's possession and ownership."

This is only to say that when the defendant by his answer does aver such an adverse interest or estate, it is sufficient to put plaintiff to proof of possession and ownership. In that opinion it is also said that the statute, in effect, tells the defendant:

"You shall not put plaintiff upon proof of his possession and title unless you assert by plea an adverse interest in the premises. You have the alternative of either asserting a claim and pleading its nature, or of disclaiming, or filing no answer."

Conversely, if the defendant does assert by plea an adverse interest in the premises, then plaintiff is put to proof of possession and title. No additional statement or suggestion can make the rule clearer. It is not only clear, but logical as well, and makes effective the plain purpose of the statute. The affirmative defense of title set up by way of answer, if true, completely negatives the material and essential allegations of the complaint of title and possession in plaintiff, and an answer which has this effect is not and cannot be insufficient.

In *Weston v. Estey,* 22 Colo., at page 341, it is said:

"In an action to remove a cloud upon a title, it is only necessary for the plaintiff to aver his possession and title, legal or equitable, coupled with a statement that the defendant claims an estate therein adverse to him. * * *

To constitute a defense to the action, the defendant must set up some adverse claim to or interest in the property and the nature of such claim."

. How is it possible to more clearly state the fact that a defense to an action to remove a cloud upon a title is set up when the defendant asserts an adverse claim to or interest in the property and sets forth the nature of such claim? If this constitutes a defense, then an issue is tendered and plaintiff is put upon proof of his title and possession, material matters to be pleaded and proven in order to make out a case

In *McCroskey v. Mills,* 32 Colo. 271, it is said in the syllabus:

"In an action to quiet title, where an affirmative defense and cross-complaint in defendant's answer set up title in defendant and constituted a complete defense to plaintiff's claim, a motion for judgment for plaintiff was properly denied, notwithstanding the denials in the answer of the averments of the complaint were insufficient."

In *Empire R. & C. Co. v. Bender,* 49 Colo. 522, at page 525, it is said:

"It is only when a defendant has shown by his answer that he has an interest in the property adverse to plaintiff, such as will entitle him, on proper proof, to some relief in connection therewith, that he is in position to put plaintiff to proof of his possession and ownership under the statute."

There are other cases that might be cited to the same proposition. We think the question is no longer open. But plaintiff says that the decision in *Lambert v. Shumway,* 36 Colo. 350, declares a different rule. To this we cannot assent. On the contrary, a careful analysis of the opinion in that case shows that it supports the doctrine

here announced. It gives full and unqualified assent to the decision in *Wall v. Magnes, supra,* as the following quotation discloses:

"The first alleged defense consists merely of denials and admissions. This defense standing alone is not sufficient to put in issue the possession of plaintiff, because, as was said in the case of *Wall v. Magnes, supra,* before defendant can put plaintiff upon proof touching his possession and title, he must plead an adverse interest in himself.   *   *   *

The first defense neither alleges title nor possession in the defendant."

On the second defense, which pleads title in defendant by virtue of a tax deed, the court had this to say:

"The second defense of defendant fails because the affidavit containing the proof of publication of the notice of tax sale shows that the paper containing the notice 'was delivered by carrier or transmitted by mail to each of the subscribers in the county of Arapahoe, in the state of Colorado.' The statute requires that this affidavit shall show that copies of each number of the paper were 'delivered by carrier or transmitted by mail to each of the subscribers.' It is apparent that the delivery of the papers to each of the subscribers in a single county does not conform to the requirements of the statute."

It is to be observed that the court here declares that the second defense fails because proof was lacking, not because the plea was insufficient. The court does not say that this defense did not put plaintiff to proof, but declares that it fails, because when defendant undertook to support it by evidence he did not do so.

*Mitchell v. Knott,* reported in 43 Colo., at page 135, also relied upon by plaintiff to uphold his contention, is based upon a misconception of what was in fact held in

the case of *Lambert v. Shumway, supra.*   In the opinion
in the *Mitchell v. Knott* case it is said :

·.        "In the case of *Lambert v. Shumway,* 36 Colo. 350,
it was determined that a defense consisting solely of ad-
missions and denials was insufficient for any purpose in
an action to quiet title, and that a defense consisting
solely of averments showing defendant's title did not put
the plaintiff upon proof of his title and possession."

·       We are persuaded, as already indicated, that the case
.of *Lambert v. Shumway* does not so hold, and the deci-
sion in *Mitchell v. Knott,* erroneously based upon a mis-
apprehension of what was decided in the former case, is
itself unsupported.   It further appears from the opinion
in *Mitchell v. Knott,* that the plea there was said to fail
also because it was not supported by the evidence, for im-
mediately following the above quotation therefrom, this
is stated :

        "The affidavit of publication of the notice of tax sale
in this case has the same defect as the affidavit in the case
of *Lambert v. Shumway,* namely : that affiant asserts that
the paper containing the notice 'was delivered by carrier
or transmitted by mail to each of the subscribers in the
county of Arapahoe, in the state of Colorado.'   The
statute provides that the affidavit shall show that copies
of each number of the paper containing the notice were
'delivered by carrier or transmitted by mail to each of the
subscribers', and it was there held that the affidavit was
insufficient and the sale based thereon invalid."

        It is therefore clear that in each of these cases the
plea of adverse title is really held to fail because unsup-
ported by proof, rather than because it does not state a
good defense, or put plaintiff to proof.   In any event, in
view of the long line of decisions in this state, in com-
plete .harmony with the purpose of the statute, holding

that the plea of adverse interest in and of itself alone is, a good defense, and puts plaintiff to proof of title and possession, we are not disposed now to assent to or approve another and different rule.

Has plaintiff proven title and possession? It is conceded that the land, long prior to and at the commencement of the suit, was, ever since has been and yet is, vacant and unoccupied. So that plaintiff's possession, if any, is constructive only. To establish constructive possession some title must be shown, at least *prima facie* title. To prove such a case a trust deed dated May 9th, 1888, from one Adams to Henry J. Aldrich, trustee, for the use of the Colorado Securities Company, conveying the land in dispute, was put in evidence; then a trustee's deed dated May 29th, 1907, conveying these lands to plaintiff, executed by T. B. Evans, substituted trustee, upon a purported foreclosure of that trust deed. There is no proof of title from the government, and no proof of title in Adams from any source, or of possession by him at the time the trust deed was executed, though there was a feeble, but futile, attempt to show the latter. Plaintiff's title fails absolutely, and therefore there is no constructive possession. *Prima facie* title has not been made out, even within the meager requirements of *Mitchell v. Titus,* 33 Colo. 385, and the court is not disposed to further relax the already liberal rule there announced. At most there is proof of *prima facie* claim of title merely. Had the evidence shown that Adams was in actual possession of the land when he executed the deed of trust, then a different case would be presented, and such fact might bring plaintiff within the rule laid down in *Mitchell v. Titus,* *supra*, and other decisions of this court, provided a legal foreclosure of that instrument had been effected. Since plaintiff's title fails for want of proof, the judgment is

reversed and the cause remanded for a new trial according to law.

*Reversed and remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.