[No. 3332.]

## EMPIRE RANCH & CATTLE CO. v. IRWIN.

1. PLEADINGS—*Construed.* The admission of the execution of a tax deed, and its record, is not an admission of its validity controlling positive averments to the contrary in the pleading making the admission, even though such averments are regarded as mere conclusions of law.

Tax deeds must contain certain specific recitals prescribed by the

statute, and one who relies upon such a document must produce it in evidence.

2.  QUIETING TITLE—*Against Tax Deed—Tender of Taxes.*  Plaintiff in a bill to quiet his title as against an invalid tax deed is not required to pay or tender the taxes paid by the holder of the tax title, as a condition precedent to the institution of his suit.

3.  SUMMONS—*Service by Publication,* upon an affidavit which fails to state the postoffice address of the defendant, or that it is unknown, is without effect.  A decree by default thereon is void.

4.  DISTRICT COURT—*Jurisdiction.*  The district court, though without jurisdiction to review a judgment of the county court, may declare void any such judgment rendered without jurisdiction of the party.

5.  LIMITATIONS—*Void Deed.*  The five years statute of limitations (Rev Stat., sec. 5733) is not set in motion by a void tax deed.

Sec. 2912, Mills' Stat. (Rev. Stat., sec. 4073) has no application to a bill to quiet title to land.

*Appeal from Phillips District Court.*  HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

No appearance for appellee.

HURLBUT, J., delivered the opinion of the court.

December 4th, 1906, plaintiff (appellee) filed his complaint against defendant (appellant), alleging ownership and possession in and to the lands therein described.  The first defense in the answer denied most of the allegations of the complaint; the second alleged defendant to be the owner in fee of the premises in dispute, founding such ownership upon two recorded treasurer's tax deeds, as well as upon two county court decrees purporting to quiet title to the premises in defendant.  The answer also pleaded the five years statute of limitations, viz., sec. 5733, Revised Statutes 1908.  Replication denied all new matter in the answer; admitted that the county treasurer of Yuma county issued and delivered the two treasurer's tax deeds mentioned, and that the same were recorded

as alleged in the complaint, but alleged that both were
absolutely void on their face and conveyed no title what-
ever.

Appellant has filed a lengthy and exhaustive brief
upon the questions raised by its assignments of error,
but most of the points discussed have already been passed
upon and settled by the appellate courts of this state. We
will notice the errors argued by appellant in the order
adopted in its brief.

Appellant's counsel contends that the defense of the
five years statute of limitations was established beyond
a peradventure of doubt, and to sustain such contention
claims that the allegations in the replication denying de-
fendant's title under the tax deeds are not allegations of
fact, but mere conclusions of law, the effect of which is
to admit the validity of the tax deeds. We are not in ac-
cord with counsel's reasoning upon this point. The com-
plaint alleged ownership and possession of the premises
in plaintiff, who, at the trial, clearly established his title
by competent proof. Defendant, having pleaded and re-
lied upon the tax deeds as a better title, must have of-
fered the same in evidence in order to defeat plaintiff's
proven title, and when so offered they must have shown
upon their face that they were valid instruments of con-
veyance under the revenue laws of this state. Neither of
said deeds was offered in evidence by defendant, and we
think the trial court properly held that defendant had
wholly failed to establish any title by, through or under,
the tax deeds pleaded, and that it was unnecessary for
plaintiff to point out defects or infirmities appearing on
the face of those documents. Under our statute, tax
deeds must contain certain specific recitals, which, if ab-
sent, render the deeds void on their face. The trial court
could not have properly decided this issue until after an
inspection of the deeds themselves. It was in no way in-

cumbent on plaintiff to have the tax deeds introduced in evidence. That was a matter for the defendant to attend to; but appellant urges that it was unnecessary for it to introduce the tax deeds in evidence because plaintiff in his pleading admitted that they were executed and delivered by the treasurer, and were recorded as stated in the answer. In other words it contends that an admission of the execution and recording of a tax deed is tantamount to an admission that such deed is a valid, unassailable deed of conveyance, even though the pleader alleges such deed to be void on its face. In former decisions we have held to the contrary and see no reason to change our views. *Empire R. & C. Co. v. Mason,* 22 Colo. App., 612; 126 Pac., 1129; *Empire R. & C. Co. v. Goodrick* (Colo. App.) (Nov. 11, 1912); *Empire R. & C. Co. v. Webster,* 52 Colo., 207; 121 Pac., 171; *Empire R. & C. Co. v. Langley, ante* 49 (Oct. 14, 1912); *Paine v. Palmborg,* 20 Colo. App., 432.

Appellant also urges that the action should fall because plaintiff's complaint fails to show payment or tender to defendant of the amount of taxes, interest and penalties paid by him, prior to bringing suit, and that the failure to so plead shows an entire want of equity in plaintiff to maintain the action, citing a number of cases in support of such position. In answering this contention it is only necessary to say that this question has been directly passed upon by our own supreme court, adversely to appellant. *Empire R. & C. Co. v. Lanning,* 49 Colo., 458; *Empire R. & C. Co. v. Webster, supra.*

We will now give consideration to what has been said by appellant concerning the two decrees of the county court of Yuma county. Each of them is founded upon constructive service by publication of summons, and it is undisputed that in each of the affidavits of publication there is a failure to state the postoffice address of defend-

ant, or that such address was unknown to affiant. It has been clearly held by the supreme court, as well as this court, that a decree founded upon such an affidavit is absolutely void, confers no jurisdiction on the court to render it, and can be attacked collaterally at any time. *Empire R. & C. Co. v. Coldren,* 51 Colo., 115; *Empire R. & C. Co. v. Mason, supra.*

Appellant further complains that it was reversible error for the trial court to pass upon and decide that the two decrees of the county court were void for want of jurisdiction of party defendant. We are cited to no authority by appellant which holds that a district court may not question a county court decree when the same is offered in evidence to establish the validity of a title which is in issue and being litigated in such district court. It is true, as stated by appellant's counsel, that the district court has no jurisdiction to review the judgment or decree of a county court, but that was not attempted in this case. As these two decrees are void for the reasons given, we need not consider the other question raised concerning the court's ruling on the falsity of the sheriff's return.

As to the five years statute of limitations pleaded, the same is not set in motion by a tax deed void on its face. *Gomer v. Chaffee,* 6 Colo., 314. As to appellant's argument concerning costs taxed against it on termination of the appeal, and the jurisdiction of the county court based upon *filing* of complaint in a cause therein commenced, the two following cited cases respectively considered these questions, and held adversely to appellant's position: *Empire R. & C. Co. v. Lanning, supra; Empire R. & C. Co. v. Coldren, supra.*

Appellant also invokes the application of sec. 2912, Mills' Annotated Statutes, relative to bills for relief in cases of trusts, etc. Again the supreme court has ruled

adversely to appellant's contention, and held that the section cited has no application in a case of this kind. *Munson v. Marks,* 52 Colo., 553; 124 Pac., 187.

We see no reason for disturbing the judgment below. The same will be affirmed.

*Judgment Affirmed.*