Hurlbut, J.,
delivered the opinion of the court.
July 29th, 1908, appellee (plaintiff below) filed complaint against appellant (defendant) to quiet title to land in Phillips county. In'her answer defendant denied plaintiff’s title and pleaded title in herself by virtue of a treasurer’s tax deed, which defense was put in issue by replication. A stipulation was filed by the parties to the effect that the land in issue was vacant and unoccupied; that on December 20th, 1894, the premises weie subject to taxes for the preceding year and were sold by the treasurer of Phillips county for the delinquent taxes, and *214 certificate issued to the purchaser; that defendant claimed title by virtue of said tax deed and proceedings upon which the same was based; that defendant and her grantors have ever since paid all taxes assessed on the disputed premises; that plaintiff is the owner in fee of the same, unless his title was divested by said tax sale; and that whatever right, -title or interest was acquired by virtue of said tax sale and deed is held by defendant.
At the trial the case was submitted to the court without a jury upon said stipulation, and defendant there refused to offer any evidence of title. Judgment was rendered by the court in favor of plaintiff, from which defendant prosecuted this appeal.
Appellant in her brief discusses two propositions upon which she relies to reverse the decree: First, that plaintiff, in his replication, having admitted the tax sale and execution and delivery of the treasurer’s deed, thereby assumed the burden of showing that said deed was void upon its face; second, that plaintiff should not be permitted to ^maintain the action because, as defendant contends, the record shows this action is not one for quieting title, but really an action to revive a right to redeem tlie land in controversy from the said tax sale. We fail to discover any merit in either .of said contentions. In actions of this character the code requires the plaintiff in his complaint to plead his title and therein allege that defendant claims some right, title or interest in the premises, adverse to plaintiff, whereupon defendant is called upon to plead in his answer any title or interest he may have in the property, and sustain the same by proper proof at the trial in order to defeat plaintiff’s title. The code further provides that if the defendant disclaims in his answer any interest or estate in the property, or defaults, plaintiff shall not recover his costs. The stipulation having recited that plaintiff was the owner in fee of *215 the premises unless the same was divested by the said tax sale and deed, relieved him from the necessity of introducing in evidence his title deeds. It is clear that, plaintiff having pleaded defendant’s tax deed to be void on its face, it became incumbent on defendant at the trial to introduce such deed in evidence in order that the court might inspect the same and rule upon that issue. The stipulation did not by its terms pretend to relieve either party of the necessity of making proper proofs of their title at the trial, except as to those matters clearly included within its letter and spirit. It has been held by this court in cases of this kind that an admission in a pleading that a tax deed has been issued, or issued and recorded, but which denies its validity, does not admit the validity of said deed, or relieve the party relying thereon from the necessity of introducing the same in evidence to establish title. — Empire R. & C. Co. v. Irwin, ante 206 (Dec. 16, 1912); Empire R. & C. Co. v. Mason, 22 Colo. App., 612; 126 Pac., 1129; Empire R. & C. Co. v. Goodrich (Colo. App.) (Nov. 11, 1912); Paine v. Palmborg, 20 Colo. App., 432.
It may be observed that the stipulation did not admit any fact showing defendant to be the owner of the premises as against plaintiff. It contained no statement whatever concerning the recording of the tax deed. It has been repeatedly held by the supreme court that a tax deed conveys no title whatever to the grantee until it has been recorded. In order to defeat plaintiff’s title, it was necessary at the trial for defendant to not only have introduced in evidence a tax deed valid on its face, but to have further shown by proper proof that the same had. been recorded. Morris & Thombs v. St. Louis Nat. Bank, 17 Colo., 231; Wall v. Magnes, 17 Colo., 476.
The stipulation admitted that the land was vacant and unoccupied, but that plaintiff was the owner in fee *216 unless divested by the tax sale and deed. This was a sufficient showing of title in plaintiff, as the record failed to show any actual entry by, or adverse possession in, defendant. Mitchell v. Titus, 33 Colo., 385.
We are not impressed with appellant’s reasoning that the action to quiet title was really one to revive a right to redeem, the only basis for such contention being that plaintiff, having alleged that defendant had some lien on the premises for taxes paid which plaintiff was ready to repay, necessarily stated.a cause of action for the right of redemption. It was not necessary for plaintiff to offer, in his complaint, to refund the taxes paid, as the statute makes it a condition precedent to the validity of the decree that it shall provide for such repayment. We fail to detect in the complaint any of the elements of an action to redeem. The statute reserves a right in the owner of land sold for taxes to redeem the same and prescribes the method for so doing. No action is necessary, but if an action of that character should be instituted by the owner it is apparent that the same would be founded upon a refusal of the revenue officer to permit such redemption. The complaint would have to show that plaintiff had, on his part, conformed to the statute in his effort to redeem, but the revenue officer had unlawfully denied him that right. Nothing of that kind appears in this record.
The judgment is affirmed.