[No. 3632.]

SCOTT v. CONRAD.

1. TAX TITLES—*Tax Deed Not Recorded,* conveys no title. An admission of its execution, with a denial that it was recorded, does not admit its *prima facie* validity.

2. LIMITATIONS—*Five Years' Statute.* A bill to quiet title is not an action "for the recovery of land" within the meaning of Rev. Stat., sec. 5733.

3. —— *Tax Deed Not Recorded,.* does not set in course the statute lim-
iting actions for the recovery of land sold for taxes (Rev. Stat., sec.
5733).

4. APPEALS—*Judgment.* Where the record fails to disclose any satis-,
factory evidence as to the real merits of the controversy the.judgment
will be reversed and the cause remanded for a new trial.

*Appeal from Yuma District Court.* HON. H. P. BURKE,
    Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL,.for appellee.

KING, J., delivered the opinion of the court.

Lincoln R. Scott, appellant here, brought this action
to quiet title to the northeast quarter of section 34, town-
ship 3 south, range 43 west, the complaint being in the
usual form under section 255 of the civil code. The
pleadings are voluminous; the evidence offered at the
trial, brief and undisputed.

Plaintiff, at and for a few days prior to the begin-
ning of the suit, was the ostensible owner of the fee sim-
ple title to said lands, unless said title had been extin-
guished by the treasurer's tax deed hereinafter men-
tioned. Plaintiff took his title by quitclaim deed dated
on or about April 6th, 1906, and immediately after re-
ceipt of said deed, took actual possession of the land, and
was so in possession at the beginning of the suit, April
23rd, 1906. Defendant claims title by virtue of a treas-
urer's tax deed dated March 7th, 1899, and alleged to
have been recorded March 14th of the same year, by
which said lands were conveyed to W. T. Lambert, who,
on the 14th of November, 1905, by his quitclaim deed,
conveyed the same to the defendant. This quitclaim deed
was alleged to have been recorded March 7th, 1906. De-
fendant claims the benefit of the five-year statute of lim-
itations upon the ground that said tax deed "is regular

and valid in all respects, and was issued and recorded more than five years prior to the beginning of the action.'' Plaintiff admits the execution of said tax deed, does not challenge the *prima facie* regularity and validity thereof, upon its face; alleges that the said deed is void for want of publication of notice of sale, and list containing a description of the land, and because no affidavit of publication of such notice or list, if made, was transmitted to the treasurer, as required by law; alleges that although the deed was issued in the name of said Lambert, one-half of the money paid as a consideration therefor wa· furnished by plaintiff, and that the title so taken in Lam-bert's name was taken in trust, and for that reason plaintiff was and is the equitable owner of an undivided one-half interest in said premises; admits the quitclaim deed from Lambert to Conrad, but alleges that the same conveyed nothing more than said Lambert in fact owned, to wit, an undivided one-half interest, provided anything passed to Lambert by said tax deed. That either the alleged tax deed or the quitclaim deed, relied on by defendant, was recorded, is not admitted nor proven. The evidence shows that by an agreement between Lambert and plaintiff·the land was purchased at tax sale with money furnished in equal proportions by Lambert and plaintiff, and for their mutual benefit.

As has been said, plaintiff was the apparent owner of the title deraigned from the government, which we will designate as the fee title to distinguish it from the alleged tax title, and was in actual possession of the land at the time of the commencement of the suit. By virtue of the fee his grantors had constructive possession at and prior to the time of the execution of the treasurer's tax deed. Neither defendant nor his grantor having been in actual possession, this constructive possession was not terminated until actual possession was taken by plaintiff, and thereby both the fee and the possession united in

plaintiff at the commencement of this suit, unless his title was extinguished by defendant's tax deed. That deed was not offered in evidence. Appellee contends that the execution and record of said tax deed was admitted, and, not being offered in evidence by plaintiff to show its invalidity, it will be presumed that the deed is fair on its face, and, having been recorded more than five years, evidence *aliunde* to defeat it was not admissible. Under the state of the record the presumption claimed cannot be indulged. There is no admission that the tax deed was recorded. Such allegation was put in issue. A tax deed without record conveys no title.—*Morris & Thombs v. Bank,* 17 Colo., 231, 29 Pac., 802; *Empire Co. v. Webster,* 52 Colo., 207, 121 Pac., 171.

The five-year statute of limitations cannot be invoked for the reason that the action is not for possession, and for the further reason already given, that there is neither evidence nor admission of title, or color of title, which would set said statute in operation.

The judgment should have been for plaintiff quieting his title to the entire premises, except for the fact that it appears to be admitted by him that, notwithstanding the evidence of his title in fee to the entire premises in litigation, the said Lambert, by virtue of some agreement between them, was the equitable owner of an undivided one-half interest therein; that the fee title taken and held by plaintiff was as much in the interest of said Lambert as of plaintiff, and that whatever interest Lambert had was sold and conveyed to defendant.

From what has been said, it is evident that upon the present showing any title defendant has must be derived through Lambert's interest in the fee acquired and held by plaintiff, and not through the tax deed; and, therefore, the quitclaim deed to defendant conveyed only Lambert's interest therein so derived. There is nothing in the record upon which the judgment of the trial court for the

defendant, as to the entire tract, can be affirmed, and no satisfactory evidence upon which this court feels justified in directing judgment. Both parties seem to have skilfully and effectively avoided a trial of the cause on its merits. The judgment will be reversed and the cause remanded for a new trial.

*Reversed and Remanded.*