King, J.,
delivered the opinion of the court.
Plaintiff in error brought his action to quiet title, alleging that he was the owner in fee simple, and in possession, of certain'real estate, and that defendant claimed some interest therein adverse to plaintiff, which interest so claimed) was without right or foundation. Defendant put in issue the ownership' of the land by plaintiff, but admitted his possession, and alleged that defendant was, and since the 20th day of May, 1907,'had been, the owner of the property in fee simple derived from a treasurer’s tax deed recorded on the date last above named, and from a subsequent treasurer’s deed recorded February 1, 1910, made for the purpose of correcting errors and supplying- omissions in the former deed; alleged that plaintiff’s pretended title was derived from a tax deed executed November 17, 1898, and that said deed was void on its face, and for reasons aliunée. The replication alleged that the defendant’s tax .deed was void on its face, and for reasons aliunde, and put is issue other: matters alleged in the answer and cross-complaint. In making the allegation of the invalidity of the defendant’s tax deed dated February 1, 1910, the plaintiff set out the said deed in haec verba.
The plaintiff offered, as evidence of his title, three Certain deeds — (1) a quitclaim deed from Hoffman to Ramsey, dated May 13, 1905; (2) a quitclaim deed from Ramsey to Bemis, dated May 29, 1905; (3) a warranty deed from Bemis to Strauss, plaintiff in this case, dated May 8, 1908, all of which deeds were duly recorded. He also proved that from about July, 1905, down to the time of the trial, plaintiff and his *215 grantor Bemis had been in the actual possession of the said property. No other evidence was offered either by the plaintiff or the defendant. Upon motion of the defendant, non-suit was granted and the action dismissed at plaintiff’s costs.
1. The plaintiff having proved that from July, 1905, long prior to- the inception of the tax title pleaded by the defendant, Bemis was in the actual possession of the lots in question,- as owner thereof, and thereafter while in possession made her warranty deed purporting to- c'onvey the same in fee to- the plaintiff, and that thereupon the plaintiff took and remained in possession from the date of said' deed to- the time of the trial, his proof was prima'facie evidence of his ownership in fee. — Mitchell v. Titus, 33 Colo. 386, 80 Pac. 1042; Mitchell v. Trowbridge, 47 Colo. 6, 105 Pac. 878; Eagan v. Mahoney, 24 Colo. App. 285, 134 Pac. 156; Detlor v. Holland, 57 Ohio St. 492, 49 N. E. 690, 40 L. R. A. 266; South Chicago B. Co. v. Taylor, 205 Ill. 132, 68 N. E. 732; Graton v. Holliday, 189 Mo. 322, 87 S. W. 37; Gage v. Cantwell, 191 Mo. 698, 91 S. W. 119; Weeks v. Cranmer, 17 S. D. 173, 95 N. W. 875, and was sufficient in this action to cast upon defendant the burden of showing' the invalidity of plaintiff’s prima facie title; that it was derived from a void tax deed as alleged in the answer, or to prove title in himself which would extinguish the plaintiff’s title.
2. The plaintiff was- not required to show a perfect and indefeasible title or a connected chain of title from the government or from the state, if, as alleged in the answer, his title was derived from the state through a treasurer’s tax deed, in order to. make a prima facie case. Webster v. Kautz, 22 Colo. App. 111, 123 Pac. 139; South Chi. B. Co. v. Taylor, supra; Detlor v. Holland, supra. In South Chi. B. Co. v. Taylor, it was said:
“If the title of appellee was good ás against appellant she had a right to have a cloud held by appellant removed, and if she showed title by connected chain of conveyances from Bowen, who- was in possession in 1871 under a deed purport *216 ing to convey title, her title would be superior to that derived under a subsequent invalid tax deed. * * *
“If appellee showed a good title as against appellant, it was not concerned with the question whether she showed a perfect or connected chain of title from the government. * * * It is not necessary that he show title from the government, but he must show title in himself superior to the alleged cloud.”
And in Detlor v. Holland the court said:
“In an action to quiet title, if the plaintiff shows peaceable possession under a conveyance, even though defective, and the defendant shows no title or right, the plaintiff is entitled to have his title quieted as against such defendant and those claiming under him.”
3. Defendant in error relies with confidence upon the decision in Clark v. Huff, 49 Colo. 197, 112 Pac. 542, and also cites Wall v. Magnes, 17 Colo. 476, 301 Pac. 56; Empire R. & C. Co. v. Webster, 52 Colo. 207, 211 , 121 Pac. 171; House v. Grable, 25 Colo. App. 405, 138 Pac. 1012.
We think it futile to attempt to harmonize all conflicts between different decisions of this court or of the Supreme Court (especially those rendered in department) upon matters pertaining to- tax titles, or to distinguish between cases apparently in conflict, some of which appear to support the judgment of the trial court, and others which are unquestionably opposed to' it. However, in Clark v. Huff, while the plaintiff relied upon proof of possession under deeds from a tax title holder, which deeds alone and unimpeached perhaps might have been sufficient to make a prima facie case, sufficient to put the defendant upon proof, if the plaintiff had not offered the tax deed in evidence, it appears that the plaintiff made the offer of a tax deed from which source he claimed to derive title, and this deed was shown and held to be void on its face, and this it seems was regarded as sufficient to defeat his claim of title under the chain dependent upon the tax deed. This *217 fact, of itself, distinguishes the case of Clark v. Huff from Mitchell v. Titus, Mitchell v. Trowbridge and Eagan v. Machoney, in each of which cases the plaintiff made no attempt to* connect his deed with the ultimate source of title, whether from the government by patent or the state by tax deed, but relied upon possession coupled with a Conveyance from a person who was himself in possession under-claim of title throug'h a conveyance at the time he made the deed. Whatever may be the conflict, or apparent conflict in the decisions, the judgment in this case is overthrown by a continuous course of decisions entirely in point. It is not held in Wall v. Magnes, nor in House v. Grable, that in an action of this kind, when defendant has shown by his answer that he asserts such an interest, legal or ecpiitable, adverse to the plaintiff, as sustained by proof, would entitle him to relief in connection with the property, plaintiff must prove an indefeasible title, but that, under such pleadings, “plaintiff must by competent evidence prove title, legal or ecpiitable, in himself.” In the case at bar, the conveyances by which plaintiff attempted to show title were Competent, and, under the authorities here cited, when coupled with, actual possession, were prima facie sufficient.
4. Plaintiff in error, in support of his contention, quotes the following from Lougee v. Wilson, 24 Colo. App. 71, 131 Pac. 777:
“It may be deduced from the foregoing- authorities, that in the code -action to quiet title, if defendant has denied the allegations of the complaint, and pleaded an adverse title, valid on its face, the plaintiff, to- sustain the issues, must produce sufficient proof, only, to show possession, or in case of vacant and unoccupied land, a title sufficient on the face thereof to show constructive possession; thereafter the burden is upon the defendant to prove title as in ejectment, or in the code action for possession and damages, and', failing to prove a valid title, judgment would follow for the plaintiff, as defendant would be in no- postion.*to attack the proof.”
*218 In view of the foregoing citation, relied on as a precedent in this case, and of the possibility of a new trial, we believe it necessary to' revise the expression of our views as found in the paragraph quoted, although said paragraph is introduced by way of argument, and is obiter. In that opinion, we had reference particularly to the order in which proof should be introduced, as well as to the nature and quantum thereof, requisite to' make a prima facie case for the plaintiff under the issues. However, the rule in many of the states is that the plaintiff, in order to' make a prima facie case, must prove title, legal or equitable, coupled with possession, and such is the settled .rule in this state. In Wall v. Magues, supra, the court ruled that in order to maintain this statutory action, plaintiff must aver and prove his possession, coupled,. zmth'title, legal or equitable, and in support thereof cited Stark v. Starrs, 6 Wall. 402, 18 L. Ed. 925. In the last named case, the Supreme Court of the United States, having under consideration the precise question we are discussing", upon a similar code provision, said:
“We do not, however, understand that the mere naked possession of the plaintiff is sufficient to- authorize him to institute the suit, and require an exhibition of the estate of the adverse claimant, though the language of the statute is that ‘any person in possession, by himself or his tenant, may maintain’ the suit. His possession must be accompanied with a claim of right, that is, must be founded upon title, legal or equitable, and such claim or title -must be exhibited by the proofs, and, perhaps in. the pleadings also, before the adverse claimant can be required to- produce the evidence upon which he rests his claim of an adverse estate or interest.”
That the Supreme Court of this state has not deviated from this rule is proven by the following excerpt from an opinion by Mr. Justice Musser in Lambert v. Murray, 52 Colo. 157, 120 Pac. 415 (a suit to quiet title) :
“Under all the decisions of this court, the assertion of an adverse title in the defendant, with a specification of its *219 nature, coupled in the same defense with denial of the possession of the plaintiff (if such- a denial is necessary), is sufficient to put the plaintiff upon proof of his title and possession, and, under such circumstances, the proof of the one is as necessary for the maintenance of the action as the proof of the other.”
See also Empire R. & C. Co. v. Webster, 52 Colo. 207, 121 Pac. 171. In the last case cited, the court, by Mr. Justice Bailey, made a very pointed suggestion that the requirements of Mitchell v. Titus, 33 Colo. 385, viz., that proof of possession in plaintiff under a deed from a former owner while in possession, were meager, and that the liberal rule there announced should not be further relaxed.
Under these decisions, we think the rule firmly established in this state that both possession and prima facie title must be proven by the plaintiff before the defendant can be required to produce evidence in support of his claim of an adverse right.
5. The trial court seems to have been influenced by its erroneous opinion that the decision in Mitchell v. Trowbridge, supra, was controlled by the plea of the. statute of limitations. The record shows that such was not the case. The testimony mentioned in the first paragraph of that case, relative to the collection of rents for the period of eight or nine years, was offered with reference to ownership and possession of the premises, and the first syllabus indicates the view of the reporter-'of the title, not having been connected with the ultimate source of .title, was color of title, rather than perfect and indefeasible title. Neither in Mitchell v. Titus nor Eagan v. Mahoney was the decision affected by the plea or proof of the statute of limitations.

Reversed and Remanded.

Cunningham, P. J., and Judges Hurlbut and Bell conc'ur. Morgan, J., concurs in result.